Charles G. TURPEN, Appellant,

v.

Hershel W. GOBER, Acting Secretary of Veterans Affairs, Appellee.

No. 96–853.

United States Court of Veterans Appeals.

Dec. 2, 1997.

Charles G. Turpen, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; Joan E. Moriarty, Acting Deputy Assistant General Counsel; and John D. McNamee, Washington, DC, were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

HOLDAWAY, Judge.

The appellant, Charles G. Turpen, appeals a June 4, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied a reopening of his claim for service connection of arthritis. For the following reasons, the Court will affirm the decision of the Board.

## I. FACTS

The appellant served on active duty in the U.S. Army from November 1942 to January 1946. The extent of the appellant's service medical records is a log of sick call reports dated from February 1943 to August 1944, which indicate that the appellant had been seen fourteen times. However, the sick call reports do not document the injuries or ailments of which the appellant complained or for which he received treatment. The remainder of the appellant's service medical records were apparently destroyed in the 1973 fire.

In February 1992, the appellant filed an application for disability compensation for arthritis with a VA regional office (VARO). In connection with his claim, the appellant submitted to the VARO several statements that he had been treated many times during service for pain in his shoulders and back, and that he had been placed on light duty. The appellant also described the cold weather conditions during the period he served in Louisiana and stated that he had lacked adequate cold weather clothing. In one statement, he explained that after a two-day battle for a small town in Germany, he had sought treatment at a medical station. He wrote that his buddy had talked him into going, but when he arrived, there were wounded soldiers and he did not feel like telling the doctor he had a sore back. The appellant submitted a statement relating that in the 1950's and 1960's, he was employed at a state hospital where the staff physicians would treat his arthritic condition with pain medication. He also stated that in the early 1950's, he had received treatment from Dr. Ferguson, who is now deceased, and that he does not have any records of the treatment. The appellant submitted private clinical reports from August 1991 and September 1992 which noted degenerative changes in his left ankle, thoracic spine, lumbar spine, and knees. The VARO received a statement from a co-worker of the appellant at the state hospital from 1956 to 1968, who remembered that the appellant had been given pain medication by the ward doctor for arthritis. He also stated that the appellant had complained about pain in his back and shoulders. The appellant submitted three "buddy" statements from persons with whom he had served. The buddy statements supported the appellant's contentions that he had been treated several times, over an extended period, for pain and stiffness in his arms, shoulders, and back, during service.

The appellant's claim was denied by the VARO, and he appealed the rating decision to the Board. In August 1993, the BVA determined that the appellant had not established that his current arthritis problems were incurred in service and denied his claim. The appellant did not appeal the Board's decision.

Subsequent to the BVA's 1993 disallowance, the appellant submitted a statement from Colonel (retired) William C. Hungate, who stated that he recalled that the appellant was sent to sick call and placed on light duty. The appellant also submitted a newspaper article describing the difficult weather conditions during the time he served in Louisiana. In January 1994, the VARO determined that the evidence submitted was not new and material. The appellant filed a Notice of Disagreement. At a VA hearing in April 1994, the appellant testified that he began having problems after he participated in maneuvers in Louisiana during very cold weather without adequate winter clothing or tents. He stated that he was treated for six to eight weeks for arthritis or bursitis at a hospital in Camp Swift, Texas. He explained that he had pain primarily in his shoulders and back.

He reiterated that he had received free medication at a hospital he worked at in the 1950's and 1960's. He also recounted that while in combat in Germany he was in so much pain he was crying, but when he went to the aid station there were bloody soldiers everywhere, and he did not want to bother the doctor with his back pain. In July 1994, the VARO received a statement from one of the appellant's platoon leaders, E.L. Chalberg, confirming that the appellant had been treated for pain in his shoulders and back during service. In October 1990, the appellant filed a substantive appeal to the Board of Veterans' Appeals. The VARO also received a statement from Curtis O. Greer, Jr., who had served as a medical technician, about the practice of issuing "light-duty slips." In June 1995, the VARO received a letter from Marco S. Episcopo, who had served in the appellant's squad for three years. His statement supported the appellant's history of in-service treatment prior to combat in Germany and the appellant's account of the pain he suffered after a two-day battle in Germany.

On appeal to the BVA, the Board found that the appellant had not submitted new and material evidence to reopen his claim of service connection for arthritis. The BVA acknowledged the fact that he had experienced and was treated for pain during his service, both in a non-combat environment (i.e., training) and in combat. However, the BVA found that the pain the appellant had suffered could be attributed to a wide variety of ailments, and the evidence of record failed to establish that the veteran had *arthritis* while in service, or that there was a nexus between the pain suffered in service (combat or otherwise) and his current arthritis.

## II. ANALYSIS

■ After a claim has been subject to a final disallowance, it can be reopened only if the claimant presents "new and material" evidence. *See* 38 U.S.C. §§ 5108, 7104(b). In determining whether to reopen a previously disallowed claim, the BVA must conduct a two-part analysis. *See Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). First, it must be determined whether the evidence presented or secured since the last final disallowance of the claim is new and material

when the credibility of the new evidence is presumed. *See Evans v. Brown,* 9 Vet.App. 273, 283 (1996); *Justus v. Principi,* 3 Vet. App. 510, 513 (1992). Second, if the evidence is new and material, then the adjudicator must reopen the claim and readjudicate the claim on the merits. *See Evans, supra.* Whether the evidence is new and material involves three questions. *See id.* First, is the evidence submitted since the last final disallowance of the claim new? *See id.* " 'New' evidence is that which is not merely cumulative of other evidence of record." *Cox v. Brown,* 5 Vet.App. 95, 98 (1993). Second, is it probative of each issue which was a specified basis for the last final disallowance? *See Evans, supra.* Third, is there a reasonable possibility that the new evidence, when considered in light of all the evidence of record, would change the outcome of the case on the merits? *See id.* Whether evidence is "new and material" is a question of law which this Court reviews de novo. *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991).

■ The appellant has not submitted new and material evidence to reopen his claim. The appellant's April 1994 hearing testimony is not new evidence because it does not provide any new factual bases for considering his claim. *See* 38 U.S.C. 7104(b) ("[W]hen a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered"). Likewise, the additional statements from fellow soldiers merely reiterate the fact that the appellant had suffered and was treated for pain in his shoulders and back while in service. The newspaper article about the adverse weather conditions in Louisiana is not new. The appellant previously testified about the severe weather conditions in Louisiana while participating in maneuvers there. The statement by Curtis O. Greer about the procedures for obtaining a light-duty slip is new, but it is not material because it does not address whether the appellant had arthritis in service; the statement does not tend to prove, one way or the other, any element of the appellant's claim for service connection.

The appellant contends that the BVA erred because it failed to take into account

the places, types, and circumstances of his service. It appears that the appellant is challenging the BVA's failure to consider the evidentiary standard provided combat veterans under 38 U.S.C. § 1154(b). The BVA's 1993 decision, a decision not before us for review and, in fact, never appealed to the Court, did not specifically acknowledge that the appellant had served in combat or discuss the applicability of § 1154(b) to his claim. In the present decision on appeal, the BVA accepted the fact that he had experienced pain during his service in both non-combat environments and in combat, but found that there was no nexus between that pain (which could be from a variety of sources) and his current arthritis. Therefore, even assuming that consideration of § 1154(b) can, in some circumstances, serve as new and material evidence sufficient to reopen a claim (*see Jensen v. Brown,* 19 F.3d 1413, 1415 (Fed. Cir.1994); *Corpuz v. Brown,* 4 Vet.App. 110, 113 (1993); *Akins v. Derwinski,* 1 Vet.App. 228, 230 (1991)), it cannot do so in this case because the appellant has not submitted medical evidence of a nexus between his claimed in-service shoulder and back pains and his current arthritis. There is, accordingly, no reasonable possibility that consideration of § 1154(b) by the Board could change the outcome of the case on the merits. *See Caluza v. Brown,* 7 Vet.App. 498, 507 (1995) (explaining that the presumption under § 1154(b) does not abrogate the medical nexus requirement to establish service connection), *aff'd per curiam,* 78 F.3d 604 (Fed.Cir. 1996) (table); *see also Libertine v. Brown,* 9 Vet.App. 521 (1996) (affirming that § 1154(b) does not affect *"Caluza's* medical nexus analysis" for a well-grounded claim). In order to reopen his claim, the appellant must submit medical evidence that there is a nexus between the pain he experienced in service and his current arthritis.

### III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that the appellant has not demonstrated that the BVA committed either legal of factual error that would warrant reversal or remand. The

June 4, 1996, decision of the Board is AFFIRMED.