**Pablo D. CORPUZ, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–201.**

United States Court of Veterans Appeals.

Jan. 26, 1993.

Pablo D. Corpuz, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and David W. Engel, Washington, DC, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

IVERS, Associate Judge, filed the opinion of the Court.

KRAMER, Associate Judge, filed a separate opinion, concurring.

IVERS, Associate Judge:

Appellant, Pablo D. Corpuz, appeals from a December 11, 1989, Board of Veterans' Appeals (BVA or Board) decision which denied service connection for appellant's hypertension. Although the Board

found that the evidence submitted by appellant was new and material, after reopening the claim, the Board did not find a new factual basis to grant service connection. The Court finds that appellant did not have sufficient evidence to reopen the claim pursuant to 38 U.S.C. § 5108 (formerly § 3008) and *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), and *Akins v. Derwinski*, 1 Vet.App. 228 (1991). The reopening which occurred was inappropriate and, had there been error in the Board's ensuing review process, such error would be considered harmless. *See* 38 U.S.C. § 7261(b) (formerly § 4061(b)); *Kehoskie v. Derwinski*, 2 Vet. App. 31, 32 (1991); *Thompson v. Derwinski*, 1 Vet.App. 251, 253–54 (1991). The BVA decision is affirmed.

## I. BACKGROUND

Appellant served in the New Philippine Scouts, from March 18, 1946, to February 26, 1949. Appellant is considered a "veteran" under 38 U.S.C. § 3566 (formerly § 1766). Appellant had originally filed a claim with the Veteran's Administration (now Department of Veterans Affairs) (VA) in February 1970. That claim did not contain any requests for service connection for a cardiovascular abnormality or hypertension. R. at 35. Appellant attempted to reopen his claim on September 17, 1986, by resubmitting a medical certificate by Dr. Carlos Vergel de Dios which was dated January 25, 1950. Dr. de Dios' clinical impression was that appellant was suffering from: (1) "gastritis, chronic secondary to hunger experienced during appellant's military training," (2) "colitis, chronic," and (3) "hypertension, moderate." R. at 11. Appellant also submitted a report by Dr. Len D. Araquil and a medical certificate from Dr. Ananias C. Santos. Dr. Araquil reported that he first saw appellant in August 1970 for epigastric pain. The report of a physical examination conducted in May 1975 by Dr. Araquil noted a blood pressure reading of 150/100, and included a diagnosis of hypertension. R. at 12, 35. Dr. Santos' report, received by the VA in March 1977, noted a blood pressure reading of 118/70 and contained no diagnosis of hypertension. *Id.* The rating board, in an

October 17, 1986, rating decision, denied service connection for hypertension. The rating board stated that appellant's service records contained no medical evidence of hypertension and that it did not find Dr. de Dios' diagnosis controlling, and noted that a "minimum of three blood pressure readings all showing increased diastolic pressure" are required before a diagnosis of hypertension can be made. *Id.* However, the rating board did not explain the basis for such a requirement. In addition to its denial of service connection, the rating board did not find appellant to be currently suffering from hypertension based on the latest physician's report.

Appellant appealed the October 17, 1986, rating decision to the BVA. He submitted a joint affidavit of two people that had known appellant since he left the service and could attest to his ailments. R. at 21. Service connection for hypertension was denied by the BVA in an October 17, 1987, decision. In explaining its decision, the Board stated:

The service medical records are negative with respect to the presence of hypertension, and this includes the examination that was conducted for service separation when [appellant's] blood pressure was found to be 100/64. A single reading of 150/100 approximately one year later is insufficient to demonstrate that chronic or essential hypertension was present to a degree of 10 percent within one year following [appellant's] separation from active military service, not only because one isolated reading should not be determinative but because that isolated reading is inconsistent with both the earlier readings and a subsequent reading in 1977, all of which are consistent with each other. Additionally, it is not clear even now that [appellant] does have chronic or essential hypertension.

R. at 36. On March 26, 1988, appellant wrote to Mr. Kenneth E. Eaton, Chairman of the BVA, alleging clear and unmistakable error in the October 1987 BVA decision. R. at 41. Along with the letter he sent a Veterans Memorial Medical Center Certificate, dated December 14, 1987,

which showed that appellant received treatment on December 24, 1985, for "essential hypertension." This "certificate" also noted that his blood pressure was recorded as 210/120. R. at 42. By a letter dated June 1, 1988, Chairman Eaton replied to appellant and informed him that since he was requesting the reopening of a claim, the "correct procedure" for him was to initiate that request through the VA Regional Office (VARO) in Manila, Philippines. R. at 43. On July 11, 1988, appellant attempted to reopen his claim by sending a letter to the VARO in Manila. Appellant alleged "clear and unmistakable error." He wrote:

> I request further that this letter be considered as a reopened claim based on my belief that the VA clearly and unmistakably erred in its denial of my claim for disability compensation for my service-connected hypertension, because it manifested itself within the presumptive period of 1 year from date of my final separation from active military service.

R. at 48–49. In a September 2, 1988, rating decision, the rating board denied service connection for hypertension but addressed only the December 14, 1985, treatment. R. at 50. Appellant filed a Notice of Disagreement on December 1, 1988. R. at 52. On December 11, 1989, the BVA upheld the denial. Appellant made a timely appeal to this Court. The Court has jurisdiction to hear this appeal pursuant to 38 U.S.C. § 7252 (formerly § 4052).

On March 19, 1992, the Court issued an order which stayed further proceedings in this case, pending a decision by the Court, sitting en banc, in the case of *Russell v. Principi*, 3 Vet.App. 310 (1992) (consolidated with *Collins v. Principi*, No. 90–416) on the issue of whether the clear and unmistakable error regulation, 38 C.F.R. § 3.105(a) (1991), provides an avenue for this Court to review a BVA decision on collateral attack of an earlier and now final decision not in and of itself directly reviewable. The Court made that decision because the issues raised in this appeal were similar if not identical to those then being considered by the Court sitting en banc in *Russell*, and because the disposition of *Russell* was believed to have a direct bearing on the disposition of this case. On October 6, 1992, the Court issued its decision in *Russell*, and we therefore now decide this case.

## II. ANALYSIS

According to 38 U.S.C. § 5108, new and material evidence must be "presented or secured with respect to a claim which has been disallowed." Normally the new and material evidence is in the form of tangible evidence but it can be in the form of a misapplied evidentiary-type regulation. *See generally Akins*, 1 Vet.App. 228. Once evidence is determined to be new and material, appellant's previously disallowed claim must be reopened, and the BVA must then evaluate the merits of appellant's claim in light of all the evidence, both old and new. *See Manio v. Derwinski*, 1 Vet. App. 140, 145 (1991).

Here, appellant submitted a "certificate" from a private outpatient clinic that showed that he had been examined in December 1985, that his blood pressure was recorded as 210/120 and that hypertension was diagnosed. Additionally, appellant asserted that the October 17, 1987, BVA decision was based upon clear and unmistakable error in the misapplication of 38 U.S.C. § 1112 (formerly § 312) and 38 C.F.R. § 3.307 (1991).

Before analyzing the October 17, 1987, BVA decision, it is important to take note of the Court's recent holding in *Russell*, which addressed the validity of 38 C.F.R. § 3.105(a), which authorizes the BVA or a VARO to revise previous decisions where there was "clear and unmistakable error," and the scope of this Court's judicial review of that regulation. We held that 38 C.F.R. § 3.105(a) is valid and gives the Secretary of Veterans Affairs (Secretary), the authority to review previous BVA decisions under "the clear and unmistakable error" test, despite the fact that the regulation was promulgated by the Secretary without a specific statutory mandate. *Russell*, 3 Vet. App. at 313. We also held

> that our review of a decision, over which we have jurisdiction, i.e., one that has considered possible "clear and unmistak-

able error" in previous adjudications over which we do not have jurisdiction is necessarily limited to determining whether the BVA decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." *See* 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061(a)(3)(A)). Implicit in this holding is the requirement that the issue must have been adjudicated below. The necessary jurisdictional "hook" for this Court to act is a decision of the BVA on the specific issue of "clear and unmistakable error." For a claimant to raise such an issue for the first time before this Court and request us to act de novo is tantamount to requesting plenary review over decisions that are not within our jurisdiction. Of course, as is true in all cases, this Court must also review to determine whether adequate "reasons or bases" were given for the instant BVA decision. *See* 38 U.S.C. § 7104(d)(1); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). *Id.* at 315. With the issue of both the jurisdiction of this Court and its scope of review of BVA decisions under Section 3.105(a) established, we now review the December 11, 1989, BVA decision which reviewed the earlier October 17, 1987, BVA decision for "clear and unmistakable error."

Our review begins with *Akins*, 1 Vet. App. at 230, an early decision of this Court wherein appellant sought to demonstrate error in the failure of VA to apply a regulation which granted him a presumption of service connection. In such context the Court noted:

[T]he factual predicate demonstrated by the presumptions [has] an important evidentiary value and, to that extent, is the functional equivalent of evidence. Because it is clear that this evidentiary presumption was not previously considered and because it bears directly and substantially on the issue of entitlement to service connection, it provides a basis for reopening the claim. 55 Fed.Reg. 52,273 (1990) (codified at 38 C.F.R. § 3.156(a)); *see Smith v. Derwinski*, 1 Vet.App. 178, 180 (1991) citing *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991)

(reopened claims may be subject to a *de novo* legal determination by this Court whether the evidence submitted is "new and material").

*Id.* In granting the veteran's claim, the Court in *Akins* found that the July 26, 1946, decision failed to properly apply the relevant regulation, thus denying a substantive right of appellant. The Court concluded that the 1946 decision contained clear and unmistakable error.

■ However, appellant must present more than a mere allegation that a regulation was misapplied or that he disagrees with the result of the Board. Appellant here has failed to demonstrate that the BVA did not properly apply 38 U.S.C. § 1112 or 38 C.F.R. § 3.307. In fact, the Board specifically referred to the one-year presumption period for chronic diseases in its decision when it stated:

In its October 1987 decision, the Board decided that the clinical record was not sufficient to conclude that hypertension had been shown in service or within the one-year period following [appellant's] separation from service. The evidence then of record supports its decision and the prior decision of the Board is final in the absence of a new factual basis.

The new evidence of record consists of a private outpatient clinic report in which it was shown that [appellant's] blood pressure was elevated in December 1985 and that he had hypertension. This evidence is of limited probative value in that it shows only that [appellant] was treated for hypertension many years after service, and the issue is whether such disorder is traceable to military service or the applicable presumptive period. Although an elevated blood pressure reading was recorded within 1 year of the veteran's discharge from service, that reading can only be considered labile in nature as the sustained pattern of elevated blood pressure readings characteristic of arterial hypertension was not manifested until many years later. The Board finds that the foregoing evidence does not constitute a new factual basis sufficient to conclude that hypertension had its onset

during service or within the one-year period following discharge from service. *Pablo D. Corpuz*, BVA 89-06312, at 4 (Dec. 11, 1989). Appellant has not demonstrated clear and unmistakable error as defined in *Akins*.

The Court finds that the BVA's denial of appellant's claim of clear and unmistakable error was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." *See Russell*, 3 Vet.App. at 315; *see also* 38 U.S.C. § 7261(a)(3)(A). Accordingly, there is no jurisdictional basis that would allow the Court to reach the October 17, 1987, decision. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See generally Gilbert, supra.*

As noted at the outset, the Board found the evidence submitted by appellant to be new and material but the evidence did not alter the basis upon which the prior decision was predicated. The Court disagrees with the BVA's finding that the evidence submitted by appellant was material. This Court has previously determined that a finding as to whether evidence is material is a conclusion of law and that such conclusions of law by the BVA are not entitled to judicial deference by this Court. *Colvin*, 1 Vet.App. at 174. We find that the evidence submitted by appellant in this case is not material and, therefore, the reopening of the claim by the BVA was inappropriate. Had there been error in the Board's ensuing review process, such error would be considered harmless. *See* 38 U.S.C. § 7261(b); *Kehoskie*, 2 Vet.App. at 32; *Thompson*, 1 Vet.App. at 253-54.

## III. CONCLUSION

For the reasons set forth above, the December 11, 1989, BVA decision is AFFIRMED.

KRAMER, Associate Judge, concurring:

While I concur with the Court's affirmation of the BVA decision, I write separately to emphasize two points. First, the Department of Veterans Affairs (VA) did not violate its duty to assist under 38 U.S.C. § 5107(a) (formerly § 3007(a)), and, second, even assuming, *arguendo*, that the evidence recently submitted by the appellant was sufficient to reopen his claim, the record when viewed as a whole is insufficient to establish that the appellant was suffering hypertension within one year after his discharge from service. *See* 38 U.S.C. § 1112 (formerly § 312).

This Court has repeatedly held that the VA's duty to assist under § 5107(a) includes the requirement that the VA, wherever reasonably possible, obtain evidence that has a bearing on an appellant's claim. *See, e.g., Gilbert v. Derwinski*, 1 Vet.App. 49, 61 (1991). In this case, however, the records of private practitioners referenced by the appellant were, by his own admission, either lost or no longer in existence. R. at 45. As a result, this Court cannot say that the VA violated its duty to assist by not conducting what apparently would have been a fruitless attempt to obtain them.

As to both the 1987 and 1989 decisions of the Board of Veterans' Appeals, the only evidence contained in the record that could possibly show that the appellant was suffering from hypertension within one year after his discharge from service is the medical certificate of a Doctor Carlos Vergel de Dios, dated January 25, 1950, a date which is within one year of discharge. This certificate, however, reports only one blood pressure reading, which as the BVA pointed out, is generally insufficient to establish a diagnosis of hypertension. *See* 38 C.F.R. § 4.100 (1991). Moreover, the credibility of this statement is not without doubt. The certificate, though dated January 25, 1950, was not submitted to the VA until 1986. It is also inconsistent on its face, as it states that the appellant's "[c]hief complaints started last January 25, 1950," the same date the certificate is dated. R. at 11.