Opinion of the court filed by Circuit Judge PLAGER. Circuit Judge BRYSON concurs in part and dissents in part.
PLAGER, Circuit Judge.
This case addresses the circumstances under which a veteran may reopen or otherwise obtain reconsideration of a case previously closed. Brian E. Routen appeals the decision of the Court of Veterans Appeals, case No. 95-673 (Apr. 9, 1997), in which the court upheld the denial by the Board of Veterans Appeals (“Board”) of Mr. Routen’s application to reopen his claim for disability benefits. Because the establishment by the Department of Veterans Affairs (“VA”) of a different evidentiary standard of proof for the Government to rebut a burden-shifting presumption relating to the presentation of evidence does not serve either as “new and material evidence” or as a substantive change in the law creating a new cause of action, we affirm.
BACKGROUND
In April 1977, Brian E. Routen attempted to enlist in the U.S. Navy. As a result of his enlistment examination, he was deemed medically ineligible to enlist due to psoriasis on his legs, a disqualifying skin disease. Following the submission of a letter from his personal physician noting that the rash was successfully treated and was just an “eczema-tous patch ... with secondary infection,” Mr. Routen’s entrance medical examination record was changed from psoriasis to episodic eczema, and he entered the naval service. Mr. Routen served on active duty less than a year, from December 1977 to October 1978.
Not long after entering service, Mr. Rout-en complained of itchy, scaling skin. His condition was diagnosed by Navy doctors as psoriasis; he was treated for scaling on the knees, elbows, and palms, a condition which continued. Then, in September 1978, a Medical Board reviewing Mr. Routen’s medical fitness for continued military service wrote that “[i]t is the opinion of the Board that [Routen] ... is unfit for further Naval Service by reason of a physical disability which was neither incurred in, nor aggravated by, a period of active military service.” Based upon a finding that Routen had developed the disease two years before enlistment, the Board reported a final diagnosis of psoriasis vulgaris, concluding that the disease “[ejxist-ed prior to enlistment/Nonserviee aggravated.” Mr. Routen was given a medical discharge from the Navy.
Not long thereafter, in January 1979, Mr. Routen filed a claim with the Veterans Administration for disability benefits based on his psoriasis, alleging that the disease was service connected. As a general matter, a veteran who has served in the armed forces during peacetime is entitled to compensation for a disability resulting from a disease contracted in the line of duty, or for aggravation of a preexisting disease caused in the line of duty. See 38 U.S.C. § 1131 (1994); 38 *1437 C.F.R. § 3.4(b) (1997). A veteran must establish service connection of the disability for entitlement to compensation. Service connection “may be accomplished by affirmatively showing inception or aggravation of the disability during service or through the application of statutory presumptions.” 38 C.F.R. § 3.303 (1997).
On January 30, 1979, the Veterans Administration Regional Office (“VARO”) denied Mr. Routen’s claim with the notation that the psoriasis was “neither incurred in nor aggravated by his short period of active duty.” Mr. Routen did not appeal from that determination; the decision became final.
Later in 1979, Mr. Routen again sought disability benefits for his skin condition. Treating his application as a request for reconsideration, the VARO, on July 10, 1979, again denied his claim. Some nine years later, in May 1988, Mr. Routen applied yet again for veterans benefits, and again the VARO denied his claim. The record does not indicate that any of these later denial decisions by the VARO were appealed.
Then in September 1992, Mr. Routen filed an application to reopen his claim. He presented medical treatment records documenting a long history of care for his psoriasis to establish service connection. See 38 C.F.R. § 3.303(a). The VARO in December 1992 denied Mr. Routen’s application on the basis that he had not submitted new and material evidence. See 38 U.S.C. § 5108 (1994); 38 C.F.R. § 3.156. This time Mr. Routen appealed the determination of the VARO to the Board of Veterans Appeals.
The Board in April 1995 affirmed the decision of the VARO without reaching the merits of the claim, determining that the new records were not new and material for the purpose of reopening Routen’s claim. The Board apparently did not consider the effect of a 1992 change in 38 C.F.R. § 3.306(b), which had the effect of raising the evidentia-ry burden required of the Government when it seeks to overcome the presumption of service-caused aggravation available to peacetime service veterans who demonstrate an increase during service of a pre-service disability.
On Mr. Routen’s subsequent appeal to the Court of Veterans Appeals, that court affirmed the Board’s decision, finding that neither the newly submitted medical records, nor the change in the presumption of aggravation rule constituted “new and material” evidence sufficient to reopen Routen’s claim. This appeal followed.
DISCUSSION
I
This court has limited jurisdiction in reviewing decisions of the Court of Veterans Appeals. See 38 U.S.C. § 7292 (1994). With regard to the question of whether Mr. Routen’s newly submitted medical records qualify as “new and material” evidence sufficient to reopen a claim pursuant to 38 U.S.C. § 5108, we are without jurisdiction. Viewed either as a factual determination or as an application of the law to the facts of a particular case, that is a question over which the Court of Veterans Appeals has final authority. See 38 U.S.C. § 7292(d)(2) (1994); see also Spencer v. Brown, 17 F.3d 368, 374 (Fed.Cir.1994). We do, however, have jurisdiction to review the decision of the Court of Veterans Appeals with regard to its interpretation of the governing statutes and the 1992 change in the regulations regarding the presumption of aggravation made pursuant to those statutes. That review is independent and anew.
II
Mr. Routen’s several claims during the 1970s and 1980s for disability benefits, beginning with the initial claim in 1979, were all disallowed by the Veterans Administration. No appeals therefrom were taken, and they became final dispositions. Basie principles of finality and res judicata apply to such agency decisions. “A final and binding agency decision shall not be subject to revision on the same factual basis except by duly constituted appellate authorities or except as provided [under the ‘clear and unmistakable error’ rule].” 38 C.F.R. § 3.104. See also Astoria Fed. Savs. & Loan Ass’n v. Solimino, 501 U.S. 104, 107-08, 111 S.Ct. 2166, 2169-70, 115 L.Ed.2d 96 (1991) (allowing the *1438 application of res judicata to administrative agency determinations that have attained finality); Barnett v. Brown, 83 F.3d 1380, 1383-84 (Fed.Cir.1996) (determining that the court lacked jurisdiction to review the Court of Veterans Appeals’ decision affirming the Board’s denial of Barnett’s request to reopen her claim because no new and material evidence was presented); Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992) (finding no jurisdiction to review Livingston’s allegation that the Court of Veterans Appeals misinterpreted the Board’s finding of “no new factual basis” for refusing to reopen Livingston’s claim). Unless otherwise provided by law, the eases are closed and the matter is thus ended.
Under existing law there are three grounds on which a veteran may seek further consideration of a previously closed case. The first ground, specified by statute, is to show that there was a “clear and unmistakable error” in the determination being reviewed. 38 U.S.C §§ 5109A (reviewing Secretary decisions) & 7111 (reviewing Board decisions) (Supp. IV 1998). The pertinent regulation specifically states: “Previous determinations which are final and binding ... will be accepted as correct in the absence of clear and unmistakable error. Where evidence establishes such error, the prior decision will be reversed or amended.” 38 C.F.R. § 3.105(a) (1997).
A second ground, again statutory, under which a previously closed case may be reopened is to present “new and material evidence” sufficient to reopen the claim. “If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.” 38 U.S.C. § 5108 (1994). See 38 C.F.R. § 3.156 (1997).
Thirdly, as a matter of basic law, we have held that under appropriate circumstances an intervening change in the applicable law may entitle a veteran to receive consideration of a claim, even though the claim is based on essentially the same facts as those in a previously adjudicated claim. See Spencer, 17 F.3d at 372-73 (treating such a claim as new and thus avoiding the requirements for reopening under 38 U.S.C. § 5108). In this case, Mr. Routen raises grounds two and three, both, however, keyed to the existence of a new (1992) change in the level of proof required of the Government when it seeks to rebut a peacetime service veteran’s presumption of aggravation of a pre-service disability.
Ill
VA law provides that, for veterans of both wartime and peacetime service, if a preexisting disease causes an increase in disability during a period of military service, it is presumed that the disease was aggravated by the active service. See 38 U.S.C. § 1153 (1994); 38 C.F.R. § 3.306(a) (1992). Thus, as previously noted, disability benefits would be allowable. In challenging entitlement to such an award, the Government may rebut the presumption by evidence that the increase in disability was due to the natural progression of the disease.
For wartime service veterans, rebutting the presumption requires the Government to make a specific showing, based on “clear and unmistakable evidence,” that the increase in disability was due to the natural progress of the disease. See 38 C.F.R. § 3.306(b) (1992). For peacetime service veterans, on the other hand, prior to 1992 the presumption could be rebutted by presenting “available evidence of a nature generally acceptable as competent” showing that the increase in severity was due to the normal progression of the disease. See 38 C.F.R. § 3.306(c) (1992). In 1992, the VA amended the regulation to extend the “clear and unmistakable evidence” rebuttal standard to veterans with peacetime service after December 31, 1946; the regulation’s effective date was May 1, 1974. See 57 Fed. Reg. 59,296 (1992).[1]
Mr. Routen argues that the change in the evidentiary standard for rebutting the presumption is now applicable to his case, and that it constitutes “new and material evi *1439 dence” on the basis of which his ease should have been reopened. The Court of Veterans Appeals determined that a change in a burden-shifting presumption such as this does not constitute “new and material evidence” as that term is understood under 38 U.S.C. § 5108. The correctness of that determination is the question to which we now turn.
IV
The decision by the Court of Veterans Appeals in Akins v. Derwinski 1 Vet.App. 228 (1991), is the primary authority for the proposition that failure to apply an evidentia-ry presumption may serve as “new and material evidence” to reopen a claim. In Akins, the VARO failed to properly apply the presumptions of soundness upon enlistment and of service-connection for aggravated conditions when denying the veteran’s claim for benefits. The Court of Veterans Appeals held that those presumptions provided the evidentiary foundation upon which the veteran’s claim stood, and, unless rebutted by the Government, entitled the veteran to a decision in his favor. Failure to have given the veteran the benefit of the presumptions was clear and unmistakable error; the initial decision denying benefits was reversed and remanded.
In the course of its opinion, the Court of Veterans Appeals noted that “the factual predicate demonstrated by the presumptions have an important evidentiary value and, to that extent, are the functional equivalent of evidence.” Id. at 230. Hence, the failure to apply the presumptions provided a basis for reopening the claim. The court then cited a Court of Veterans Appeals case, indicating that it involved “new and material evidence,” as well as 38 C.F.R. § 3.156(a) (defining “new and material”). Id.
But the Akins decision did not involve the question of reopening a case based on new and material evidence. As the court stated, “[o]n appeal ... appellant contended that the denial of his original claim ... was clear and unmistakable error.” Id. at 228. The. court’s conclusion was that there was such error, an independent ground for correction unrelated to the “new and material evidence” rule. The Akins court specifically noted that the appellant chose to demonstrate clear and unmistakable error, presumably in order to gain entitlement to benefits dating back to his original claim, see 38 C.F.R. § 3.105(a), rather than just to the date of reopening, see 38 U.S.C. § 5110. See Akins, 1 Vet.App. at 231 (citing 38 U.S.C. § 3010 which was renumbered § 5110 by Pub.L. No. 102-40, 105 Stat. 187 (1991)).
This court has never treated a presumption as any form of evidence. See, e.g., A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1037 (Fed.Cir.1992) (“[A] presumption is not evidence.”); see also Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229 (1935) (“[A presumption] cannot acquire the attribute of evidence in the claimant’s favor.”); New York Life Ins. Co. v. Gamer, 303 U.S. 161, 171, 58 S.Ct. 500, 503, 82 L.Ed. 726 (1938) (“[A] presumption is not evidence and may not be given weight as evidence.”). Although a decision of this court, Jensen v. Brown, 19 F.3d 1413, 1415 (Fed.Cir.1994), dealing with presumptions in VA law is cited for the contrary proposition, the Jensen court did not so decide.
Jensen involved an appeal from the Court of Veterans Appeals regarding the validity of a regulation creating a special presumption relating to aggravation of preexisting conditions during combat, and its application to the case of the appellant veteran. The question was whether the agency had misapplied the presumption. The Court of Veterans Appeals had held that the regulation was invalid as conflicting with governing statutes, and thus the question of misapplication was moot.
In the course of its review of the Court of Veterans Appeals decision, the Jensen court noted that the Court of Veterans Appeals had held that “the misapplication of, or in this case the alleged complete failure to apply, an evidentiary regulation may be a form of new and material evidence sufficient to reopen a claim.” Jensen, 19 F.3d at 1415. The court cited Corpuz v. Brown, 4 Vet.App. 110 (1993), a 1993 Court of Veterans Appeals decision which, in turn, had cited and discussed Akins. The Jensen court then stated *1440 that “[f]or present purposes, we accept this conclusion.” Jensen, 19 F.3d at 1415.
Thus the Jensen court simply assumed that the case before it had been properly “reopened” in accordance with established VA procedures, and proceeded with its review regarding the validity of the regulation at issue. The Jensen court concluded that the regulation was valid, reversed the decision of the Court of Veterans Appeals, and remanded the ease. On remand, the Court of Veterans Appeals stated that “[i]t appears that the Federal Circuit in reversing this Court has determined, as a matter of law, that 38 C.F.R. § 3.306(b)(2) constituted ‘new and material’ evidence, and that appellant’s claim must be reopened.” 7 Vet.App. 27, 28 (1994). With due respect to the Court of Veterans Appeals, this reads more into the decision than was there.
Today we address the issue directly, and hold that the misapplication of, or failure to apply, a statutory or regulatory burden-shifting presumption does not constitute “new and material evidence” for the purpose of reopening a claim under 38 U.S.C. § 5108. As earlier noted, a change in the evidentiary standard required to rebut a presumption such as the one at issue here is not considered “evidence” by this court, because the presumption itself never was evidence. See AC. Aukerman, 960 F.2d at 1037; see also Michael H. Graham, 1 Handbook of Federal Evidence, § 301.10 at 156-57 & nn. 1-3 (4th ed. 1996) (“[I]t is now universally recognized that a presumption is a rule of law for the handling of evidence, not a species of evidence.”); Ronald J. Allen, Presumptions, Inferences and Burden of Proof in Federal Civil Actions — An Anatomy of Unnecessary Ambiguity and a Proposal for Reform, 72 Nw. U.L.Rev. 892, 903 (1982) (“Presumptions are not evidence — they are labels applied to decisions about evidentiary matters.”).
The presumption affords a party, for whose benefit the presumption runs, the luxury of not having to produce specific evidence to establish the point at issue. When the predicate evidence is established that triggers the presumption, the further evidentiary gap is filled by the presumption. See 1 Weinstein’s Federal Evidence § 301.02[1], at 301-7 (2d ed.1997); 2 McCormick on Evidence § 342, at 450 (John W. Strong ed., 4th ed.1992). However, when the opposing party puts in proof to the contrary of that provided by the presumption, and that proof meets the requisite level, the presumption disappears. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S.Ct. 1089, 1094-95, 67 L.Ed.2d 207 (1981); AC. Aukerman, 960 F.2d at 1037 (“[A] presumption ... completely vanishes upon the introduction of evidence sufficient to support a finding of the nonexistence of the presumed fact.”); see also Weinstein’s Federal Evidence § 301App.100, at 301.App.-13 (explaining that in the “bursting bubble” theory once the presumption is overcome, then it disappears from the case); 9 Wigmore on Evidence § 2487, at 295-96 (Chadbourn rev. 1981). See generally Charles V. Laughlin, In Support of the Thayer Theory of Presumptions, 52 Mich. L.Rev. 195 (1953).
The party originally favored by the presumption is now put to his factually-supported proof. This is because the presumption does not shift the burden of persuasion, and the party on whom that burden falls must ultimately prove the point at issue by the requisite standard of proof. See Fed. R.Evid. 301; AC. Aukerman, 960 F.2d at 1038-39. But see McCormick on Evidence § 344, at 470-72 (describing an alternative to the bursting bubble rule in which application of a presumption shifts the burden of persuasion); Edmund M. Morgan, Presumptions, 12 Wash. L.Rev. 225 (1937).
Here, the question is what evidence constitutes “new and material evidence” entitling a petitioner to reopen a previously decided and closed case. By its terms, § 5108 requires “evidence,” which the regulations describe as “evidence not previously submitted to agency decisionmakers which bears directly and substantially upon the specific matter under consideration, [and] which is neither cumulative nor redundant.” 38 C.F.R. § 3.156(a) (1997). Once new and material factual evidence is presented that warrants reopening of the ease, the presumption may well result in a decision in favor of the veteran. But that is a matter that goes to the merits of the case, *1441 not one that goes to the question of whether the rules of finality are overcome.[2]
V
Mr. Routen also contends that the 1992 change extending the presumption of aggravation to peacetime service veterans was “liberalizing,” entitling him to reconsideration of his claim under Spencer v. Brown, 17 F.3d 368 (Fed.Cir.1994). In Spencer, this court held that, upon a showing of a new basis of entitlement to a claimed benefit as a result of an intervening change in law or regulation, 38 U.S.C. § 7104(b) does not preclude consideration of the claim even though based on facts in a previously and finally denied claim. See 17 F.3d at 373. The Spencer court quoted with approval the Court of Veterans Appeals’ reasoning:
When a provision of law or regulation creates a new basis of entitlement to benefits, as through liberalization of the requirements for entitlement to a benefit, an applicant’s claim of entitlement under such law or regulation is a claim separate and distinct from a claim previously and finally denied prior to the liberalizing law or regulation. The applicant’s later claim, assert-' ing rights which did not exist at the time of the prior claim, is necessarily a different claim.
Id. at 372 (quoting Spencer v. Brown, 4 Vet.App. 283, 288-89 (1993)). The Spencer court then analyzed whether or not the Veterans’ Judicial Review Act of 1988 (“VJRA”) represented a “liberalizing law,” using the definition: “one which brought about a substantive change in the law creating a new and different entitlement to a benefit.” Id. The court concluded that the VJRA changes were “unmistakably procedural in nature ... directed to improving the adjudicative process and did not create new substantive rights to veterans’ benefits.” Id.
There is no statutory basis for review of a previously adjudicated claim following an intervening change in the law. On the contrary, 38 U.S.C. § 7104(b) states:
Except as provided in section 5108 of this title [dealing with reopening of disallowed claims on the grounds of new and material evidence], when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered.
The apparent basis for the assumption that a claim may be reconsidered under a “liberalizing” intervening law, even though grounded on the same factual basis, is 38 U.S.C. § 5110(g) and its implementing regulations, including 38 C.F.R. § 3.114(a). However, § 3.114 addresses a different issue. It sets the effective date of awards made pursuant to a “liberalizing law, or a liberalizing VA issue approved by the Secretary”; the regulation does not define “liberalizing.” The statutory authority cited for § 3.114, 38 U.S.C. § 5110(g), is part of a statutory section that deals with the effective dates of awards, and, with regard to compensation and pension claims, sets the effective date for awards or increases made “pursuant to any Act or administrative issue.” The statute says nothing about “liberalizing” laws.
In Spencer, this court accepted the Court of Veterans Appeals’ view that the preclusive language of § 7104(b) does not prevent consideration of a new claim based on earlier adjudicated facts, “wh[en] an intervening and substantive change in law or regulation created a new basis for entitlement to a benefit.” Id. at 372 (quoting the Court of Veterans Appeals). There is a good argument that, if a new law provides for benefits not previously available, even though grounded on some but not all of the same facts adjudicated under an earlier law, a new cause of action is created along with a new entitlement to a remedy. Thus, if the old law required proof of facts A, B, and C, and the new law requires proof of facts A, B, and D, a veteran who lost the A, B, C case under the *1442 old law because he could not establish C would seem free to claim under the new law, assuming he can establish A, B, and D.
In Spencer, the court went on to analyze whether the statute being pressed by the appellant was a law that created a new basis for entitlement, and concluded that it was not. The court explained that:
Spencer’s argument fails to appreciate that the reforms implemented by the VJRA were directed to improving the adjudicative process and did not create new substantive rights to veterans’ benefits.... Spencer does not identify any changes effected by the VJRA that substantively affected the nature of his claim such that it became different and distinct from the one previously denied by the Board.
Id. at 372-73.
In our case, the regulation at issue now provides that the presumption of aggravation is rebutted by “clear and unmistakable evidence ... where the preservice disability underwent an increase in severity during service.” 38 C.F.R. § 3.306(b) (1997). This change in the evidentiary standard required to rebut the presumption is procedural in nature. Changing the Government’s eviden-tiary standard for peacetime service veterans does not effect a substantive change in the law; that is, it does not create a new cause of action, since no new basis of entitlement is created. The peacetime service veterans simply benefit from a stronger presumption toward the same ultimate disability benefit entitlement, based on the same factual predicates.
The dissent would have us remand this issue to the Court of Veterans Appeals to determine whether the difference in eviden-tiary standard “is enough to make the 1992 change a ‘liberalizing change’ of the sort that entitles a veteran such as Mr. Routen an opportunity to renew his application for disability benefits.” Dis. op. at 1443. As explained above, this difference cannot be considered an intervening change because it failed to effect a substantive change in the law. Thus, the dissent’s argument only makes sense if, despite the express prohibition of § 7104(b), a non-substantive but “liberalizing change” was considered a fourth ground for reopening an otherwise final determination having the same factual basis. Or, alternatively, if such a change in an evidentiary presumption creates a new cause of action. For the reasons we have explained, neither of those conditions exists.
It is certainly possible that had the new presumption standard been in effect and applied at the time Mr. Routen’s claim was first considered, the outcome in his case might have been different. But the issue in this ease is not whether on the merits Mr. Rout-en got a fair deal, but whether the deal he got is now subject to being revisited years later. The finality rule, § 7104(b), says no. The exceptions provided by law — clear and unmistakable error; new and material evidence; an intervening change in law providing a new cause of action — are, for the reasons we have explained, inapplicable.
With regard to the third exception, for which, unlike the other two, there is no specific statutory provision, the logic of the intervening change rule, if it is to escape the bar of § 7104(b), must be that the intervening change in law creates a new cause of action. Otherwise, every time Congress amends a benefit statute or the agency changes a regulation to make it easier to prove entitlement, any claimant who previously was denied a benefit could reopen the claim. Such a rule would sub rosa repeal the requirement that to reopen a final decision the claimant must show either clear and unmistakable error or new and material evidence. The so-called “liberalizing change” cannot mean what Mr. Routen wishes it to mean, or what the dissent assumes it means.
In short, on the facts of this ease, the Court of Veterans Appeals correctly determined that there has been no substantive change in the law creating a new cause of action. A remand to that court is unnecessary and unwarranted since there is no legal ground on which that court could hold otherwise.
VI
Finally, to the extent that Mr. Rout-en argues on appeal that, relying on the medical records, no specific factual finding *1443 was made by the VARO, the Board, or the Court of Veterans Appeals regarding whether or not his condition was worsened by his service, this court lacks jurisdiction to review the issue. This argument presupposes fact finding and application of law to facts, and is another way of suggesting that the presumption of aggravation should have been applied in Mr. Routen’s case. However, unless Mr. Routen is able to reopen his claim by showing clear and unmistakable error, or by presenting new and material evidence, the issue of whether or not the presumption of aggravation applies cannot be addressed.
CONCLUSION
The judgment of the Court of Veterans Appeals is
AFFIRMED.

. The purpose of the change was to bring § 3.306 into consonance with earlier changes made by Congress in the statutory provision regarding the presumption of sound condition upon entry into active duty. See 38 U.S.C. § 1137(1994).

. Accord. Vet. Aff. Op. Gen. Couns. Prec. 38-97, 1997 WL 796591 (reaching the same conclusion for four reasons: (1) a presumption is not evidence, (2) misapplication or failure to apply a pertinent statute or regulation is really "clear and unmistakable error,” (3) Akins and Corpuz are not binding precedent for the proposition that a misapplied presumption may serve as "new and material” evidence under § 5108, and (4) the Federal Circuit did not decide the issue as a matter of law in Jensen).