SCHOELEN: Judge,
concurring in part and dissenting in part:
I fully concur in the majority’s decision that the benefit of the doubt does not operate as a presumption to establish that the appellant filed a claim for VA benefits prior to his release from active duty in 1970. Appellant’s Br. at 5-6. Mr. McGee’s primary argument, as set forth in his briefs, is that pursuant to 10 U.S.C. § 1218, Navy officials, in keeping with the presumption of regularity, ensured that he either applied for VA benefits prior to his *477 release from active duty or refused to do so, and that in the absence of documentary evidence as to which of the options occurred, the benefit of the doubt dictates that he applied for VA benefits prior to his release from active duty because this would be the most favorable option for Mr. McGee. Appellant’s Br. at 5-6. In effect, Mr. McGee treats the benefit of the doubt as an evidentiary presumption, which he argues “excuses the lack of documentary evidence” to support his assertion that he applied for VA benefits in 1970 prior to his release from active duty. Appellant’s Br. at 5; Appellant’s Reply Br. at 4-5.
A presumption involves an assumption that a fact exists, based on the known or proven existence of some other fact or group of facts. See Black's Law DICTIONARY 1203 (7th ed.1999). However, this Court and the U.S. Court of Appeals for the Federal Circuit have held that presumptions are not evidence. Routen v. West, 142 F.3d 1434, 1440 (Fed.Cir.1998) (citing 1 Michael H. Graham, Handbook of Federal Evidenoe § 301.10 at 156-57 & nn. 1-3 (4th ed. 1996) (“It is now universally recognized that a presumption is a rule of law for the handling of evidence, not a species of evidence.”) and Ronald J. Allen, Presumptions, Inferences, and Burden of Proof in Federal Civil Actions — An Anatomy of Unnecessary Ambiguity and a Proposal for Reform, 72 N.W. U.L.Rev. 892, 903 (1982) (“Presumptions are not evidence — they are labels applied to decisions about evidentiary matters.”)); see also Kent v. Nicholson, 20 Vet.App. 1, 8 (2006) (stating that although presumptions are rules of law for handling evidence, they are not themselves considered evidence). Even though a presumption may fill in an evidentiary gap that would ordinarily have to be filled by more evidence, when contrary evidence is submitted to rebut the presumption, unlike true evidence, the presumption disappears. Routen, 142 F.3d at 1440 (citing 1 Weinstein’s Federal Evidence § 301.02[1], at 301-07 (2d ed.1997); and 2 McCormick on Evidenoe § 342, at 450 (John W. Strong ed., 4th ed.1992)).
The fundamental flaw with Mr. McGee’s argument is that the benefit of the doubt is not a presumption. To the contrary, the benefit of the doubt is the unique standard of proof that applies in decisions on claims for veterans benefits. As this Court recognized in Gilbert v. Derwinski, 1 Vet.App. 49, 53 (1990), the term “standard of proof’ refers to the “evidentiary threshold which a litigant must achieve in order to prevail.” Within the American judicial system, the various forms of standards of proof cover a wide spectrum ranging from the most stringent “beyond a reasonable doubt” standard in a criminal case to the less restrictive “by a fair preponderance of the evidence standard” in a civil case. Within the VA adjudicatory system, Congress mandated that VA use the least restrictive “benefit of the doubt” standard when deciding claims for veterans benefits. Id. at 53-54.
Pursuant to 38 U.S.C. § 5107(b), a veteran is entitled to the “benefit of the doubt” when there is an “approximate balance of positive and negative evidence.” Gilbert, 1 Vet.App. at 53. As this Court recognized in Gilbert, “[tjhis unique standard of proof is in keeping with the high esteem in which our nation holds those who have served in the Armed Services. It is in recognition of our debt to our veterans that society has ... taken upon itself the risk of error when, in determining whether a veteran is entitled to benefits, there is an ‘approximate balance of positive and negative evidence.’ ” Id. at 54. Because the benefit of the doubt is a standard of proof, it applies when all of the evidence is assembled, and the Board makes its determination whether the evidence supports the claim or is in relative *478 equipoise (the veteran prevailing in either event), or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Id. at 55; see also 38 C.F.R. § 3.102 (stating that “[w]hen after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding service connection, the degree of disability, or any other point, such doubt will be resolved in favor of the claimant”).
Thus, contrary to Mr. McGee’s argument, the benefit of the doubt does not relieve him of the burden of having to produce actual evidence to support his contention that he applied for service-connected benefits prior to April 1999. Further, the benefit of the doubt, in conjunction with section 1218, does not create evidence otherwise missing from the record to be weighed in Mr. McGee’s favor when the Board determines whether the evidence is in equipoise. Accordingly, without actual documentary evidence to indicate that Mr. McGee applied for VA benefits prior to his release from active duty, the Board may not assume that he exercised this option under section 1218.
While I agree with the majority regarding Mr. McGee’s benefit of the doubt argument, I respectfully differ with the majority’s view that the Board does not have a duty to consider 10 U.S.C. § 1218. The majority concludes that section 1218 is not an “applicable law” within the meaning of 38 U.S.C. § 7104(a) because it imposes “no obligation upon the Secretary and fails to provide any remedy in the veterans-benefits context.” Section 7104(a) provides, in pertinent part, that “[decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulations.” This Court has long held that this statutory provision requires the Board to consider and discuss in its decision, all “potentially applicable” provisions of law and regulation. Schafrath v. Derwinski, 1 Vet.App. 589, 593 (1991) (emphasis added); see also Weaver v. Principi, 14 Vet.App. 301, 302 (2001) (per curiam order); Sanden v. Derwinski, 2 Vet.App. 97, 100 (1992).
The majority cites no authority for its narrow interpretation of section 7104(a). There is no discussion of how the plain language of the statute supports such a construction. The statute does not contain restrictive criteria on its scope. A fundamental canon of statutory construction is that when interpreting a statute, the words of a statute are given “their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.” Williams v. Taylor, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); Smith v. United States, 508 U.S. 223, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (citing Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979) (stating that “words [in a statute], unless otherwise defined, will be interpreted as taking their ordinary, contemporary, common meaning.”)). The word “applicable” is defined as “that can be applied; appropriate.” Webster’s New WORLD Dictionary of American English 67 (3rd College ed.1988). A synonym for “applicable” is “relevant.” Id. “Relevant,” is defined as “bearing upon or relating to the matter in hand; pertinent; to the point.” Id. at 1133. A statute can be relevant and therefore applicable even if it does not impose a duty on the Secretary or provide a remedy for its violation.
Here, 10 U.S.C. § 1218, on its face, imposes a duty on the Armed Services that is relevant to veterans benefits adjudication. Prior to a servicemember’s discharge or release from active duty because of a physical disability, the Armed Services must *479 ensure that the servicemember has either made a claim for VA benefits or declined to make such a claim. As in the case before the Court, a key factual question that must be resolved, in many earlier-effective-date cases, involves a determination of the date the claimant filed an application for VA benefits. The resolution of this issue turns upon the available documentary evidence. In a case where a claimant who has been discharged from the military because of a physical disability alleges that he filed an application for VA benefits prior to his release or discharge from active duty, and there is no evidence of such an application, 10 U.S.C. § 1218 is relevant because it indicates that pertinent records may exist in the veteran’s service personnel file to support his claim that an application for VA benefits was filed. Thus, the statute is an “applicable law” within the meaning of section 7104(a) because it points to a source of evidence that may support a veteran’s claim for VA benefits. Additionally, although section 1218 does not impose a duty on the Secretary, it has a potential effect on his duty to assist a claimant in developing the facts pertinent to his claim. See 38 U.S.C. § 5103A.
As this Court has recognized, there is a continuing obligation upon VA to assist veterans in developing the facts pertinent to their claims throughout the entire administrative adjudication. See Dingess v. Nicholson, 19 Vet.App. 473 (2006); see also Murincsak v. Derwinski, 2 Vet.App. 363 (1992). Under 38 U.S.C. § 5103A(b), VA’s duty to assist includes making “reasonable efforts to obtain relevant records,” so long as the claimant “adequately identifies” those records to the Secretary and authorizes the Secretary to obtain them. 38 U.S.C. § 5103A(b)(l); Loving v. Nicholson, 19 Vet.App. 96, 101-02 (2005). Relevant records could include, but are not limited to, military records, including service medical and personnel records; medical and other records from VA medical facilities; and records from other Federal agencies. See 38 U.S.C. § 5103A(b); 38 C.F.R. § 3.159(e)(2) (2005). VA may cease its efforts to obtain records from a Federal department or agency if it concludes that the records sought do not exist or that further efforts to obtain those records would be futile. See 38 U.S.C. § 5103A(b); 38 C.F.R. § 3.159(c)(2). Cases in which VA may conclude that no further efforts are required include those in which the Federal department or agency advises VA that the requested records do not exist, or that the custodian does not have them. Id. VA is then required to notify a claimant that it made reasonable efforts to obtain his or her Federal records but was either unable to obtain them or it was reasonably certain that any additional efforts to obtain such records would be futile. See 38 C.F.R. § 3.159(e).
Whether the Secretary’s duty to assist a claimant has been triggered in obtaining relevant service personnel records when a veteran was discharged from the military because of a disability involves certain factual determinations that should be made by the Board in the first instance. The majority does not discuss the potential effect of 10 U.S.C. § 1218 on the Secretary’s statutory duty to assist. This may be explained by the majority’s view that Mr. McGee made a single argument in his appeal — that the Board erred in failing to consider 10 U.S.C. § 1218 and that, 10 U.S.C. § 1218, in conjunction with the benefit of the doubt, compels a conclusion that Mr. McGee filed a claim for VA benefits prior to his release from active duty in 1970. This is an apt description of the argument made in the appellant’s briefs. That argument was founded on Mr. McGee’s assertion that other evidence in the record did not contradict his allegation that he had filed an application for VA *480 benefits in 1970 prior to his release from active duty. See Appellant’s Br. at 6-7.
However, on the eve of oral argument, the Secretary sought permission to supplement the record on appeal with Mr. McGee’s 1978 application for educational benefits, in which the appellant indicated that he had not filed any prior claim for VA benefits. In light of this new document being added to the record, Mr. McGee refined his argument. In his written response to the supplemental record on appeal, Mr. McGee stated that he was withdrawing his argument for reversal, and was seeking a remand, which he indicated was the appropriate relief because the evidence of record no longer contained only one permissible view of the evidence and that a remand was appropriate for the Board to weigh all of the evidence and to determine the need for further development of the evidence in accordance with VA’s duty to assist.
At oral argument, Mr. McGee contended that the Board’s failure to consider 10 U.S.C. § 1218 led to its error in determining whether Mr. McGee filed an application for VA benefits prior to April 1999 without a fully developed record. Further, he argued that the Board’s consideration of section 1218 would require it to remand the case to the RO with instructions that the RO seek to obtain, inter alia, the appellant’s service personnel file. He stated that it was only after such development occurred that the Board would be in a position to decide whether the appellant had filed a claim for service connection for his lung disorder prior to April 1999. I agree and note that this part of the appellant’s argument illustrates why 10 U.S.C. § 1218 should be considered an applicable law within the meaning of 38 U.S.C. § 7104(a).
In this case, the record does not contain an application for service connection for a lung disability filed by the appellant prior to April 15, 1999. Additionally, there is mixed evidence as to whether the appellant alleges that he filed a claim for VA benefits prior to April 1999. On the one hand, there is the appellant’s 2000 formal application for service connection for a lung disability in which he indicated that he had previously applied for VA benefits. R. at 73. On the other hand, there is the 1978 application for educational benefits in which he indicated that he had not previously applied for VA benefits. Mr. McGee asserts in his briefs that he filed a claim for VA benefits prior to the date that he was discharged from active duty in 1970, a factor that would be key in triggering any duty by VA to obtain his service personnel records. However, it is unclear from the evidence whether he actually alleged that he filed such an application. All of these are factual issues that need to be adjudicated by the Board, in the first instance, as part of its consideration of 10 U.S.C. § 1218 and the statute’s potential effect on the Secretary’s duty to assist.
Accordingly, I respectfully dissent from the Court’s decision that 10 U.S.C. § 1218 is not an applicable provision within the meaning of 38 U.S.C. § 7104(a).