NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT MARTIN,**
*Claimant-Appellant,*

**v.**

**SLOAN D. GIBSON, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2014-7047

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-2250, Judge Margaret C. Bartley.

---

**ON MOTION**

---

Before PROST, *Chief Judge*, WALLACH and CHEN, *Circuit Judges*.

PER CURIAM.

### O R D E R

Robert Martin moves to stay proceedings and moves for leave to proceed in forma pauperis.  The Secretary of Veterans Affairs (Secretary) opposes the motion to stay

and moves to dismiss the appeal or summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (Veterans Court).

On May 10, 2011, the Board of Veterans' Appeals (Board) denied Martin's claim for nonservice connected pension benefits.   The Veterans Court affirmed that decision on March 8, 2012, and this court subsequently dismissed Martin's appeal for lack of prosecution.   On May 24, 2012, Martin filed a motion for reconsideration of the Board's May 10, 2011 decision with the Chairman of the Board. The Chairman denied Martin's motion.   Martin appealed that denial to the Veterans Court, which dismissed Martin's appeal because it lacked jurisdiction, and the appeal was barred by res judicata.   This appeal followed.

Summary affirmance of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).   In this case, it is clear that summary affirmance is warranted.

This court has held that the Veterans Court does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these.   In *Mayer v. Brown*, we explained that while the Veterans Court may have jurisdiction to review actions of the Chairman in cases where it already has jurisdiction by virtue of a timely appeal from a final board decision, it does not independently have jurisdiction over such actions.   37 F.3d 618, 620 (Fed. Cir. 1994).   Since there was no timely filed appeal from a final board decision from which the Veterans Court could exercise jurisdiction in this case, the court correctly held that it lacked jurisdiction over the Chairman's decision.

Moreover, to the extent Martin was again seeking review of the Board's May 2011 decision, he had already

sought review of that decision with the Veterans Court and this court. This court has long established that the principles of finality and res judicata are applicable to veterans' claims. *See Routen v. West,* 142 F.3d 1434, 1437 (Fed. Cir. 1998); *see also Cook v. Principi,* 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc) ("The purpose of the rule of finality is to preclude repetitive and belated readjudication of veterans' benefit claims.").

IT IS ORDERED THAT:

(1)  The motion for summary affirmance is granted.

(2)  All other pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s24