﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200302-93617
DATE: March 31, 2021 

ORDER

Service connection for a spine injury (back disability) is denied.

REMANDED

Service connection for headache residuals of in-service spinal tap treatment and an in-service syncope-vasovagal episode (hereinafter referred to as “residual headaches”) is remanded. 

FINDING OF FACT

The Veteran’s current back disability is not shown to be etiologically related to any event, injury, or disease in service.

CONCLUSION OF LAW

The criteria for an award of service connection for a back disability have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from January 2005 to January 2006. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2018 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran submitted a notice of disagreement (NOD) in September 2019. He was issued a statement of the case in February 2020. In March 2020, he opted into the modernized review system (AMA), requesting a Board Hearing by a Veterans Law Judge (VLJ). In October 2020, he and his attorney appeared before a VLJ via teleconference hearing. A transcript of that hearing has been associated with the record. 

In the May 2018 decision, the agency of original jurisdiction found that new and material evidence had been submitted to warrant readjudication of the claim for service connection for a back disability and for syncope. The Board is bound by these favorable findings. 38 C.F.R. § 3.104(c).

With that said, the evidence indicates that the Veteran is seeking compensation for headache symptoms residual to his in-service treatment for syncope and a spinal tap. Therefore, the issues on appeal have been reframed to properly characterize the benefits sought. 

Service Connection

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

The requirement of a current disability is satisfied when the claimant is shown to have the disability either at the time he files his claim for service connection, or during the pendency of that claim, even if the disability resolves prior to final adjudication. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). The term “disability” as used for VA purposes contemplates functional impairment resulting in loss of earning capacity. See 38 C.F.R. § 4.1; Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018).

If a Veteran serves 90 days or more of active, continuous service after December 31, 1946, and manifests certain chronic diseases to a degree of 10 percent or more during the one-year period following his separation from that service, service connection for the condition may be established on a presumptive basis, notwithstanding that there is no in-service record of the disorder. See 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

Service connection may also be established under 38 C.F.R. § 3.303(b) by (a) evidence of (i) a chronic disease shown as such in service (or within an applicable presumptive period under 38 C.F.R. § 3.307) and (ii) subsequent manifestations of the same chronic disease, or (b) if the fact of chronicity in service in not adequately supported, by evidence of continuity of symptomatology. However, the United States Court of Appeals for the Federal Circuit has held that the provisions of 38 C.F.R. § 3.303(b) relating to continuity of symptomatology can be applied only in cases involving those conditions explicitly recognized as chronic under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

A layperson is generally incapable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997), aff’d sub nom., Routen v. West, 142 F.3d 1434 (Fed. Cir. 1998). However, lay evidence can be competent and sufficient to establish a diagnosis of a condition when: (1) a layperson is competent to identify the medical condition, (e.g., a broken leg, flat feet, varicose veins, etc.), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

In essence, lay testimony is competent when it pertains to the readily observable features or symptoms of injury or illness and “may provide sufficient support for a claim of service connection.” Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also 38 C.F.R. § 3.159(a)(2). A determination as to whether medical evidence is needed to demonstrate that a Veteran presently has the same condition he or she had in service or during a presumptive period, or whether lay evidence will suffice, depends on the nature of the Veteran’s present condition (e.g., whether the Veteran’s present condition is of a type that requires medical expertise to identify it as the same condition as that in service or during a presumption period, or whether it can be so identified by lay observation). See Barr v. Nicholson, 21 Vet. App. 303, 310 (2007).

Thus, medical evidence is not always or categorically required when the determinative issue involves either medical diagnosis or etiology, but rather such issue may, depending on the facts of the particular case, be established by competent and credible lay evidence under 38 U.S.C. § 1154(a). See Davidson, supra.

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Service connection for back disability 

In a December 2006 rating decision, the RO in Huntington, West Virginia denied the Veteran’s claim for service connection for a back disability. The Veteran did not submit a timely appeal; therefore, the December 2006 rating decision became final. 

In October 2017, the Veteran submitted a claim to reopen the issue of service connection for a back disability. VA Treatment records were added to the record and indicate persistent back pain. In a May 2018 rating decision, the Veteran’s back disability claim was considered reopened. However, the RO affirmed its previous denial, determining that the evidence failed to show that a back disability was incurred in or aggravated by military service. Here, it is important to note that the RO observed the existence of treatment records indicating back pain but concluded that there was no evidence of a current diagnosed disability. See May 2019 rating decision. 

In February 2020, the Veteran was afforded a VA examination in relation to his claim. The VA examiner explained that chronic back pain is a rare side effect not usually connected to spinal tap administration. She noted that the most common complaint is headache. The examiner further observed that the Veteran’s treatment records demonstrated was evidence of disc herniation and that treatment notes indicated a back injury related to his post-military job. As a result, the VA examiner concluded that it was less likely than not (less than 50 percent probability) that the Veteran’s back injury was caused by an in-service injury or event. 

The examiner provided supporting documentation, thoroughly reviewed the Veteran’s treatment records, and offered sound reasoning to support her opinions. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Therefore, the Board determines that her opinion warrants significant probative weight. Notably, there are no medical opinions to the contrary. 

The Veteran has alleged that his disability symptoms are etiologically related to the spinal tap that he had in service. In relation to the Veteran’s accounts of pain since the time of military service, the evidence weighs in the Veteran’s favor. Here, the Board recognizes that pain alone may constitute a disability. See Saunders, supra. 

Lay testimony is competent when it pertains to the readily observable features or symptoms of injury or illness and “may provide sufficient support for a claim of service connection.” Layno, supra; see also 38 C.F.R. § 3.159(a)(2). A determination as to whether medical evidence is needed to demonstrate that a Veteran presently has the same condition he or she had in service or during a presumptive period, or whether lay evidence will suffice, depends on the nature of the Veteran’s present condition (e.g., whether the Veteran’s present condition is of a type that requires medical expertise to identify it as the same condition as that in service or during a presumption period, or whether it can be so identified by lay observation). See Barr, supra.

With that said, the Board must decide against the Veteran’s claim. The question of any causal relationship between the Veteran’s back pain and his in-service spinal tap is medically complex, as it requires knowledge related to anesthesiology and orthopedics. There is nothing in the record to establish that the Veteran has the specialized training or experience necessary to render a competent medical opinion in this regard. Jandreau, supra. In any event, the opinion of the February 2020 VA examiner far outweighs his lay opinion in that regard. 

Therefore, the Board finds that the preponderance of the evidence is against the Veteran’s service connection claim for a back disability. As such, the benefit of the doubt rule is not for application. 38 U.S.C. § 5107 (b); Gilbert, supra. The claim is denied.

REASONS FOR REMAND

Service connection for residual headaches is remanded. 

In October 2017, the Veteran also filed to reopen his service connection claim for a syncope-vasovagal episode. In a May 2018 rating decision, the Veteran’s claim for service connection for a syncope-vasovagal episode was considered reopened. As noted above, that determination is binding on the Board. 

In June 2018, the Veteran’s attorney submitted a timely notice of disagreement in response to the RO’s May 2018 denial. During the appeal period, the Veteran’s attorney submitted private medical records dated July through December 2020.

During his October 2020 videoconference hearing, the Veteran detailed his in-service treatment for a syncope-vasovagal episode. According to his testimony, he began to have headaches after he underwent a spinal tap treatment, which he also believes to be interrelated to his spinal tap treatment. 

The Board finds that there is a pre-decisional duty-to-assist error with regard to proper examination of the Veteran’s headaches and residual treatment for syncope. 38 C.F.R. §§ 3.159 (c), 20.802(a). Therefore, it is necessary to remand for a medical opinion for purposes of determining the exact nature and etiology of the Veteran’s residual headaches. 

The matters are REMANDED for the following action:

Schedule the Veteran for a VA neurological examination to determine the exact nature and onset of his headache symptoms. 

The examiner is asked to offer an opinion as to whether it is as least as likely as not (that is, a 50 percent or greater probability) that the Veteran’s headache symptoms are residually related to service, to include as due to his in-service spinal tap treatment or any in-service syncope-vasovagal episode.

Any opinions offered should be accompanied by clear rationale consistent with the evidence of record. In addressing this question, the examiner is advised that the Veteran is competent to report injuries and symptoms, and that his reports must be considered in formulating the requested opinion. 

 

JEREMY J. OLSEN

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board F. Lanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.