Citation Nr: 1229613 
Decision Date: 08/28/12 Archive Date: 09/05/12

DOCKET NO. 10-02 766 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to Dependency Indemnity and Compensation (DIC) benefits based on service connection for cause of death.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J.R. Bryant, Counsel



INTRODUCTION

The Veteran had active service from May 1960 to April 1964. The appellant is his widow. 

This matter arises before the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating action from the above Department of Veterans Affairs (VA) Regional Office (RO).


FINDINGS OF FACT

1. According to the death certificate, the Veteran died in February 2009, at the age of 67, as a result of aspiration pneumonia due to or as a consequence of metastatic small cell carcinoma of the lung. 

2. At the time of the Veteran's death, service connection was in effect for degenerative arthritis of the lumbar spine, rated as 40 percent disabling; residuals of a right knee injury, rated as 20 percent disabling; arthritis of the right knee, rated as 20 percent disabling; radiculopathy of the right lower extremity, rated as 20 percent disabling; radiculopathy of the left lower extremity, rated as 10 percent disabling; tinnitus, rated as 10 percent disabling, and left ear hearing loss, rated as noncompensably disabling. His combined disability rating was 80 percent. These disabilities were not a principal or contributory cause of death. 

3. There is no competent and probative medical evidence indicating the Veteran's aspiration pneumonia or metastatic lung cancer were manifested during his military service or within one year after his discharge from service or that they are otherwise related to service.


CONCLUSION OF LAW

Service connection for the cause of the Veteran's death is not warranted. 38 U.S.C.A. §§ 1110, 1112, 1113, 1310, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.307, 3.309, 3.312 (2011).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) enhanced VA's duty to notify and assist claimants in substantiating a claim for VA benefits, as codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.326(a) (2011).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1) (2011). This notice must be provided prior to an initial decision on a claim by the RO. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

The VCAA notice requirements apply to all five elements of a service connection claim: (1) veteran status; (2) existence of disability; (3) connection between service and the disability; (4) degree of disability; and (5) effective date of benefits where a claim is granted. Dingess v. Nicholson, 19 Vet. App. 473, 484 (2006).

If complete notice is not provided until after the initial adjudication, such a timing error can be cured by subsequent legally adequate VCAA notice, followed by readjudication of the claim, as in a Statement of the Case (SOC) or Supplemental SOC (SSOC). Moreover, where there is an uncured timing defect in the notice, subsequent action by the RO which provides the claimant a meaningful opportunity to participate in the processing of the claim can prevent any such defect from being prejudicial. Mayfield v. Nicholson, 499 F.3d 1317, 1323-24 (Fed. Cir. 2007); Prickett v. Nicholson, 20 Vet. App. 370, 376 (2006).

Certain additional VCAA notice requirements may attach in the context of a claim for Dependency Indemnity and Compensation benefits based on service connection for the cause of death. Generally, section 5103(a) notice for a DIC case must include: (1) a statement of the conditions, if any, for which a veteran was service-connected at the time of his or her death; (2) an explanation of the evidence and information required to substantiate a DIC claim based on a previously service-connected condition; and (3) an explanation of the evidence and information required to substantiate a DIC claim based on a condition not yet service-connected. In addition, the content of the section 5103(a) notice letter will depend upon the information provided in the claimant's application. Hupp v. Nicholson, 21 Vet. App. 342 (2007). 

The Board finds that written notice provided in April 2009, prior to the issuance of the April 2009 rating decision, fulfills the provisions of 38 U.S.C.A. § 5103(a) as well as the notice as required by the Court in Dingess and Hupp. Specifically, this letter informed the appellant that, in order to substantiate a claim for cause of death, the evidence needs to show that the Veteran died from a service related injury or disease. She was also informed of the disabilities for which service connection had been established during the Veteran's lifetime and the evidence required to substantiate a claim based on a condition not yet service-connected. The appellant was then informed of the requirements for establishing an effective date-if her claim for service connection for the cause of the Veteran's death were to be granted. Dingess, 19 Vet. App. 473, 484 (2006). Accordingly, the Board finds that all required notice has been given to the appellant. She has not demonstrated any error in VCAA notice, and therefore the presumption of prejudicial error as to such notice does not arise in this case. See Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007); Shinseki v. Sanders, supra. 

VA must also make reasonable efforts to assist the claimant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. The Board finds that all necessary development has been accomplished. In this context, the Veteran's service treatment records and post-service outpatient treatment records have been obtained and associated with the claims file, including records of the Veteran's terminal hospitalization. Neither the appellant nor her representative has identified any other outstanding evidence, to include medical records, which could be obtained to substantiate the claim. The Board is also unaware of any such evidence. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when such is necessary to make a decision on the claim, as defined by law. In cause of death cases, a medical examination or opinion is necessary if there is competent evidence to establish the cause of death, an indication that the cause of death may be associated with service or a service connected disability and insufficient medical evidence to render a decision on the claim. See Daves v. Nicholson, 21 Vet. App. 46, 50-51 (2007).

During his lifetime the Veteran was service connected for degenerative arthritis of the lumbar spine, right knee injury residuals, right knee arthritis, radiculopathy of the both lower extremities, tinnitus, and left ear hearing loss. The death certificate indicates that the cause of his demise was aspiration pneumonia due to metastatic lung cancer. The Board finds that overall the evidence, which indicates that the Veteran did not have pneumonia or lung cancer in service and did not develop either until many years after separation, as well as the absence of competent evidence of a possible nexus between service and the claimed disorders (aside from the appellant's mere assertion, which alone does not, under current caselaw, suffice to render a VA examination or opinion necessary), warrants the conclusion that a remand for a medical opinion is not necessary to decide the claim. The Board finds that there is no reasonable possibility that a medical opinion would aid in substantiating the appellant's claim. A medical examination or opinion is not required. See Daves, supra. 

Thus, the Board concludes that VA has satisfied its duty to assist the appellant in apprising her as to the evidence needed to substantiate, and in obtaining evidence pertinent to her claim for service connection for the cause of the Veteran's death. No useful purpose would be served in remanding this matter for additional development. Such a remand would result in unnecessarily imposing additional burdens on VA. 

Indeed, no further notice or assistance to the appellant is required to fulfill VA's duty to assist her in the development of this issue. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); & Quartuccio v. Principi, supra. 


Law and Analysis for Cause of Death

The appellant is seeking service connection for the cause of the Veteran's death. Presumably, she believes that he developed lung cancer as a result of his military service, which in turn caused his fatal aspiration pneumonia. The Veteran, prior to his death, brought a claim for service connection for small cell carcinoma of the lungs due to asbestos exposure. He wrote a statement describing his exposure to asbestos during his military service as an aircraft maintenance helper. See VA Form 21-4138 received in November 2008. Service connection for small cell carcinoma of the lungs for accrued benefits purposes was denied by an April 2009 rating decision.

Service connection may be granted for disability resulting from personal injury suffered or disease contracted in the line of duty. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

To establish service connection for the cause of a veteran's death, the evidence must show that a disability due to disease or injury incurred in or aggravated by active service, or which was proximately due to or the result of a service-connected condition, was either a principal or contributory cause of death. 38 U.S.C.A. § 1310; 38 C.F.R. § 3.312(a). For a service-connected disability to be the principal cause of death, it must singularly or jointly with some other condition be the immediate or underlying cause of death, or be etiologically related thereto. 38 C.F.R. § 3.312(b). For a service-connected disability to be a contributory cause of death, it must be shown that it contributed substantially or materially, that it combined to cause death, or aided or lent assistance to the production of death. 38 C.F.R. § 3.312(c).

After considering all information and lay and medical evidence of record in a case with respect to benefits under laws administered by the Secretary, when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt will be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. The benefit of the doubt rule is inapplicable when the evidence preponderates against the claim. Ortiz v. Principi, 274 F.3d 1361 (Fed. Cir. 2001).

As noted previously, the Veteran in this case died in February 2009, at the age of 67. According to the death certificate, the immediate cause of his death was aspiration pneumonia due to or as a consequence of metastatic small cell carcinoma of the lung. At the time of his death, service connection was in effect for degenerative arthritis of the lumbar spine, right knee injury residuals, right knee arthritis, radiculopathy of the both lower extremities, tinnitus, and left ear hearing loss. 

The Veteran's service treatment records are completely unremarkable for any pertinent abnormalities suggestive of chronic respiratory disorder or lung cancer, either in the way of a relevant subjective complaint or objective clinical finding such as a notable diagnosis. In addition his available military records do not confirm exposure to asbestos. Post-service treatment records show the Veteran was diagnosed with small cell carcinoma of the lungs in August 2008, 44 years after his separation from active duty in 1964. These records also show the Veteran had history of smoking and had been encouraged to quit.

Treatment records in the years prior to his death show that in general the Veteran maintained fairly regular treatment for lumbar spine pain and radiculopathy complaints, with evidence of some progression in severity, beginning in 2007. These records also show the Veteran was treated for a myriad of other medical health problems, including, including hypertension, hyperlipidemia, gastrointestinal reflux disease, tobacco dependence, and peripheral vascular disease.

Records from his terminal hospitalization at in February 2009 show the Veteran had been admitted with shortness of breath and pain in his ribs. His history was significant for metastatic small cell lung carcinoma, chronic obstructive pulmonary disease, tobacco addiction, peripheral vascular disease, hyperlipidemia, and hypertension. An emergency bronchoscopy revealed an extensive amount of secretion, particularly around the vocal chords, indicating that the Veteran had aspirated his own secretions. Given the terminal stage of his condition the family was extensively counseled and agreed to comfort measures for the Veteran. 

After a review of all the evidence of record, the Board finds that there is no evidence in the record to indicate that the Veteran's degenerative arthritis of the lumbar spine, right knee injury residuals, right knee arthritis, radiculopathy of the both lower extremities, tinnitus, and left ear hearing loss were a contributing cause of his death. Specifically there are absolutely no treatment notes suggesting a relationship between the service-connected disabilities and the cause of the Veteran's death. The appellant has presented no medical evidence to refute this finding and, in fact, has not asserted at any time during the current appeal that any of the Veteran's service-connected disabilities contributed in any way to the cause of his demise. 

There is also no evidence that the Veteran's service-connected disabilities, which primarily affected his musculoskeletal system, were either debilitating enough in nature, or otherwise of such a complicating nature, that they hastened his death. While, the Board recognizes that he continued to experience symptomatology associated with his service-connected disabilities, none of them involved active processes affecting vital organs. See 38 C.F.R. § 3.312(c)(2) (2011). 

The question now is whether service connection is warranted for the conditions ultimately identified as having caused the Veteran's death. Unfortunately there is nothing in the record to indicate that he should be service connected for pneumonia or lung cancer. 

In this case, there simply is no competent evidence that the Veteran's aspiration pneumonia or lung cancer were as manifested in service, so as to establish service connection based on onset or aggravation in service. Post-service medical records provide no basis for establishing a causal link between the conditions causing his death and service. Furthermore, since the diagnosis of lung cancer occurred in August 2008, more than 4 decades after separation from service, it is impossible to grant service connection on the basis of the manifestation of a chronic disability within one year after separation from service. 38 C.F.R. §§ 3.307 and 3.309. 

While not a dispositive factor, the significant lapse in time between service and post-service medical treatment for prostate cancer may be considered as part of the analysis of a service connection claim. See Maxson v. West, 12 Vet. App. 453 (1999), aff'd, 230 F.3d 1330 (Fed. Cir. 2000). Moreover no doctor has opined that the Veteran's death as a result of pneumonia due to lung cancer was related to service. 

We recognize the appellant's sincere belief that her husband's death was related in some way to his military service. However, in this case the record does not contain, and she has not provided or identified, any evidence of such a correlation. She has simply made a contention that this is the case, with no medical evidence in support of her argument. There is simply no suggestion in the medical record to support her assertions. In addition, she has not been shown to have the professional expertise necessary to provide meaningful evidence regarding the causal relationship between the Veteran's death and his military service. See Routen v. Brown, 10 Vet. App. 183, 186 (1997); ("a layperson is generally not capable of opining on matters requiring medical knowledge"), aff'd sub nom. Routen v. West, 142 F.3d 1434 (Fed. Cir. 1998), cert. denied, 119 S. Ct. 404 (1998). See also Espiritu v. Derwinski, 2 Vet. App. 492 (1992). For this reason, the Board finds the appellant's lay assertions regarding the etiology of the Veteran's death to be of little probative value given the overwhelmingly negative medical record. 

The Board sympathizes with the appellant in the loss of her husband, the Veteran. However, the preponderance of the evidence is against the claimant, inasmuch as the competent evidence of record indicates that the Veteran's death was the result of non-service-connected lung cancer, not his service-connected disabilities. Therefore, the appellant is not entitled to service connection for the cause of his death. See 38 C.F.R. § 3.312; see also Lathan, 7 Vet. App. at 359; Alemany v. Brown, 9 Vet. App. 518, 519 (1996), (citing Gilbert).

Consequently, the benefit-of-the-doubt rule does not apply, and this claim must be denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 


ORDER

Entitlement to service connection for cause of death is denied.



____________________________________________
ROBERT E. SULLIVAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs