﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191021-40890
DATE: June 16, 2020

ORDER

Service connection for a prostate disability, claimed as due to exposure to herbicide agents, is denied.

Service connection for a low back disability is denied.

Service connection for bilateral plantar fasciitis is denied.

FINDINGS OF FACT

1. The Veteran served in Vietnam and is therefore presumed to have been exposed to herbicide agents during service.

2. None of the competent and credible evidence indicates that the Veteran’s prostate disability may be associated with service, to include his presumed in-service exposure to herbicide agents.

3. None of the competent and credible evidence indicates that the Veteran has a low back disability that may be associated with service.

4. None of the competent and credible evidence indicates that the Veteran’s bilateral plantar fasciitis may be associated with service.

CONCLUSIONS OF LAW

1. The criteria for an award of service connection for a prostate disability have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for an award of service connection for a low back disability have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for an award of service connection for bilateral plantar fasciitis have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from February 1966 to February 1968, to include service in Vietnam. His decorations include the National Defense Service Medal, the Vietnam Service Medal, and the Vietnam Campaign Medal with device.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office. The Veteran timely appealed to the Board, requesting the Hearing docket option pursuant to the Appeals Modernization Act (AMA). See October 2019 VA Form 10182; 38 C.F.R. § 20.202(b)(2).

In January 2020, the Veteran testified at a Board video-conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing has been associated with the record. Under the AMA, the Veteran had 90 days from the date of the January 2020 hearing to submit additional evidence. No additional evidence has been received.

Service Connection

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a).

Generally, in order to prove service connection, there must be competent, credible evidence of (1) a current disability, (2) in-service incurrence or aggravation of an injury or disease, and (3) a nexus, or link, between the current disability and the in-service disease or injury. See, e.g., Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Pond v. West, 12 Vet. App. 341 (1999).

Under applicable law, a Veteran who served on active duty in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, is presumed to have been exposed to an herbicide agent, absent affirmative evidence to the contrary. See 38 C.F.R. § 3.307(a)(6)(iii). VA regulations further provide that service connection is warranted for certain diseases as presumptively due to herbicide exposure. 38 C.F.R. § 3.309(e).

If a Veteran serves 90 days or more of active, continuous service after December 31, 1946, and manifests certain chronic diseases, such as arthritis or malignant tumors, to a degree of 10 percent or more during the one-year period following his separation from that service, service connection for the condition may be established on a presumptive basis, notwithstanding that there is no in-service record of the disorder. See 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307, 3.309.

Service connection may also be established under 38 C.F.R. § 3.303(b) by (a) evidence of (i) a chronic disease shown as such in service (or within an applicable presumptive period under 38 C.F.R. § 3.307) and (ii) subsequent manifestations of the same chronic disease, or (b) if the fact of chronicity in service in not adequately supported, by evidence of continuity of symptomatology. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

A layperson is generally incapable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997), aff’d sub nom., Routen v. West, 142 F.3d 1434 (Fed. Cir. 1998). However, lay evidence can be competent and sufficient to establish a diagnosis of a condition when: (1) a layperson is competent to identify the medical condition, (e.g., a broken leg, separated shoulder, pes planus (flat feet), varicose veins, tinnitus (ringing in the ears), etc.), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

In essence, lay testimony is competent when it pertains to the readily observable features or symptoms of injury or illness and “may provide sufficient support for a claim of service connection.” Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also 38 C.F.R. § 3.159(a)(2). A determination as to whether medical evidence is needed to demonstrate that a veteran presently has the same condition he or she had in service or during a presumptive period, or whether lay evidence will suffice, depends on the nature of the veteran’s present condition (e.g., whether the veteran’s condition is of a type that requires medical expertise to identify it as the same condition as that in service or during a presumption period, or whether it can be so identified by lay observation). See Barr v. Nicholson, 21 Vet. App. 303, 310 (2007).

Thus, medical evidence is not always or categorically required when the determinative issue involves either medical diagnosis or etiology, but rather such issue may, depending on the facts of the particular case, be established by competent and credible lay evidence under 38 U.S.C. § 1154(a). See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Service connection for a prostate disability is denied.

The Veteran seeks to establish service connection for a prostate disability. The record reflects that he initially filed a claim for service connection for prostate cancer. See May 2019 VA Form 21-526EZ. However, during the January 2020 Board hearing, he clarified that he intended to seek service connection for an enlarged prostate. Accordingly, the Board finds it appropriate to broaden his claim. 

The Veteran asserts that his prostate disability is related to exposure to herbicide agents during his service in Vietnam. See, e.g, May 2019 VA Form 21-526EZ. The record reflects that he has been diagnosed with benign prostatic hyperplasia (enlarged prostate). See, e.g., January 2019 VA treatment record. As such, the first service connection element of a current disability is established. 

Moreover, the July 2019 rating decision on appeal includes a favorable finding that the Veteran had service in Vietnam during the Vietnam era. Accordingly, in-service exposure to herbicide agents is presumed.

The Board concludes that, while the Veteran has a current diagnosis of benign prostatic hyperplasia, the preponderance of the evidence is against a finding that the currently diagnosed prostate disability began in service or is otherwise causally or etiologically related to service, to include his presumed in-service exposure to herbicide agents.

The Veteran does not contend, nor do his service treatment records reflect, any complaints of, treatment for, or diagnosis of a prostate disability. A November 1967 service separation examination report shows a normal clinical evaluation of the genitourinary system, and the concurrent report of medical history shows that the Veteran denied frequent or painful urination and did not otherwise report any prostate symptoms. 

The record reflects that the Veteran was not diagnosed with benign prostatic hyperplasia until 2014, decades after his separation from service. See, e.g., August 2014 VA treatment record (noting the Veteran’s complaints of problems with his urinary stream, an assessment of an enlarged prostate, and a diagnosis of benign prostatic hyperplasia). The multi-year gap between discharge from active duty service and when the Veteran sought medical care for his prostate disability is a factor that weighs against in-service onset. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

VA regulations provide that service connection is warranted for certain diseases as presumptively due to herbicide exposure. 38 C.F.R. § 3.309(e). Although prostate cancer is included in the list of such diseases, benign prostatic hyperplasia (enlarged prostate of benign origin) is not. In this case, while the Veteran’s in-service exposure to herbicide agents is presumed, he is not shown to have been diagnosed with prostate cancer and has not otherwise proffered a theory as to how his enlarged prostate may be related to presumed in-service exposure to herbicide agents. Combee v. Brown, 34 F.3d 1039, 1042 (Fed. Cir. 1994). Moreover, there is no medical evidence linking a current disability of the prostate to service and the Veteran has not asserted continuity of symptoms since service. 

Although the Veteran believes that his prostate disability is related to exposure to herbicide agents in service, he is not competent to provide a nexus opinion in that regard. The issue is medically complex, as it requires knowledge of the genitourinary system and the relationship between benign prostatic hyperplasia and exposure to herbicide agents decades earlier. Moreover, benign prostatic hyperplasia is diagnosed primarily on clinical findings and physiological testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). 

The Board acknowledges that the Veteran has not been afforded a VA examination with respect to this claim. However, in the absence of any competent and probative evidence indicating that his prostate disability may be associated with service, an examination is not required. See Waters v. Shinseki, 601 F.3d 1274, 1278 (2010); McLendon v. Nicholson, 20 Vet. App. 79 (2006).

In light of the foregoing, the preponderance of the evidence is against a finding that the current prostate disability began in service or is otherwise causally or etiologically related to service, to include in-service exposure to herbicide agents. Because the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application, and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. 49. 

2. Service connection for a low back disability is denied.

The Veteran seeks to establish service connection for a low back disability. He asserts that he has a low back disability that started in service as a result of lifting and pulling heavy objects as part of his military occupational specialty as a carpenter. See, e.g., January 2020 Board hearing transcript.

The existence of a current disability is the cornerstone of a claim for VA disability compensation. 38 U.S.C. § 1110; see Degmetich v. Brown, 104 F.3d 1328, 1332 (1997). In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

The requirement of a current disability is satisfied when the claimant is shown to have the disability either at the time the Veteran files his or her claim for service connection, or during the pendency of that claim, even if the disability resolves prior to final adjudication. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). When the record contains a recent diagnosis of disability prior to the filing of a claim for benefits based on that disability, the report of diagnosis is relevant evidence that must be addressed in determining whether a current disability existed at the time the claim was filed or during its pendency. Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013). 

The term “disability” as used for VA purposes contemplates functional impairment resulting in loss of earning capacity. See 38 C.F.R. § 4.1; Saunders v. Wilkie, 886 F.3d 1356 (Fed. Cir. 2018).

In the present case, the Board finds, as an initial matter, that it is not entirely clear whether has a low back disability or has had such disability at any time during the pendency or proximate to the filing of his claim. 38 U.S.C. § 1110; 5107(b), 38 C.F.R. § 3.303(a), (d).

An August 2014 VA treatment record shows that the Veteran denied arthralgia, arthritis, low back pain, and muscle aches. A May 2016 VA treatment record shows that the Veteran reported back pain. A February 2018 VA treatment record shows that the Veteran reported low back pain with bending since undergoing a removal of a lump in the back the previous year. A September 2018 VA treatment record shows that the Veteran complained of low back pain, and that he underwent a back mass excision in 2016. However, the Veteran’s treatment records contain no diagnosis of a low back disability during the pendency or proximate to the filing of the claim. 

Even assuming arguendo that the Veteran has a low back disability, none of the competent and probative evidence indicates that the disability may be associated with service. 

The Veteran’s service treatment records are completely devoid of any mention of problems associated with his low back. The November 1967 service separation examination report shows a normal clinical evaluation of the Veteran’s spine, and the concurrent report of medical history shows that he denied current symptoms and a history of recurrent back pain and arthritis. This evidence weighs against the credibility of the Veteran’s assertions that his low back pain began in service after lifting heavy objects. 

While the Veteran may believe that he suffers from a low back disability that is related to service, he is not competent to diagnose such disability, or to otherwise provide a nexus opinion in this case. As a lay person, he is not shown to have the requisite medical knowledge, training, or experience to be able to render a competent diagnosis of any of a low back disability, or to proffer a competent opinion regarding the matter of whether his claimed low back disability can be attributed to lifting heavy weights decades earlier. Jandreau, 492 F.3d at 1377 n.4; see also Kahana, 24. Vet. App. 428.

The Board acknowledges that the Veteran has not been afforded a VA examination with respect to this claim. However, in the absence of any competent and probative evidence indicating that the low back disability may be associated with service, an examination is not required. See Waters, 601 F.3d at 1278; McLendon, 20 Vet. App. 79.

Because the preponderance of the evidence is against the claim for service connection for a low back disability, the benefit of the doubt rule is not for application, and the claim must be denied. 38 U.S.C. § 5107(b); Gilbert, supra.

3. Service connection for bilateral plantar fasciitis is denied.

The Veteran seeks to establish service connection for bilateral plantar fasciitis. He asserts that his bilateral plantar fasciitis was incurred in service. 

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a diagnosis of bilateral plantar fasciitis, the preponderance of the evidence is against a finding that it began during active service, or is otherwise related to an in-service injury, event, or disease. 

The Veteran does not contend, nor do his service treatment records reflect, any complaints of, treatment for, or diagnosis of bilateral plantar fasciitis. The November 1967 service separation examination report shows a normal clinical evaluation of the Veteran’s feet, and the concurrent report of medical history shows that he denied current symptoms and a history of foot trouble. This evidence weighs against the credibility of the Veteran’s assertions that his bilateral plantar fasciitis began in service. 

The record reflects that the Veteran was not diagnosed with plantar fasciitis until 2016, decades after his separation from service. See, e.g., July 2016 VA treatment record (noting the Veteran’s complaints of right heel pain for about two months, and an assessment of likely plantar fasciitis); December 2016 VA treatment record (noting the Veteran’s complaints of bilateral foot pain, and a diagnosis of bilateral plantar fasciitis). The multi-year gap between discharge from active duty service and when the Veteran sought medical care for his bilateral plantar fasciitis is a factor that weighs against in-service onset. See Maxson, 230 F.3d at 1333.

The Veteran has not otherwise submitted any medical evidence that his current bilateral plantar fasciitis may be related to service, other than his general assertions that his current bilateral plantar fasciitis was incurred in service. While the Veteran believes that his bilateral plantar fasciitis was incurred in service, the Board reiterates that the preponderance of the evidence weighs against a finding that an in-service injury, event, or disease occurred. 

The Board acknowledges that the Veteran has not been afforded a VA examination with respect to this particular claim. However, in the absence of any competent and probative evidence indicating that the Veteran’s bilateral plantar fasciitis may be associated with service, an examination is not required. See Waters, at 1278; McLendon, 20 Vet. App. 79.

Because the preponderance of the evidence is against the claim for service connection for bilateral plantar fasciitis, the benefit of the doubt doctrine is not for application, and the claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, supra. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Ragheb, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.